Stadleman v. Fitzgerald.

WILLIAM STADLEMAN, APPELLANT, V. JOHN FITZGERALD, APPELLEE.

Principal and agent: A letter from a principal to his agent directing a sale of his real estate is sufficient authority to the agent to sell such property according to the terms of the writing; but if the authority is denied, and the letter is lost, its contents must be clearly proved to sustain a contract made by the agent.

APPEAL from the district court for Cass county.    Tried below before POUND, J.

*S. P. Vanatta,* for appellant.

*Marquett, Deweese & Hall,* for appellee.

MAXWELL, J.

This is an action to enforce the specific execution of an alleged contract of the defendant for the conveyance to the plaintiff of the west ½ of lot 2 and the east ½ of lot 3, in block No. 34 in the city of Plattsmouth.   The memorandum of the alleged agreement is as follows:

" PLATTSMOUTH, NEB., Jan. 18, 1881.

"Received of William Stadelman twenty-five dollars in part payment for west ½ lot 2 and east ½ lot 3, block 34, Plattsmouth, Nebraska, for which and upon payment of balance due inside of thirty days from date, I agree to make him a warranty deed for said premises. Balance due $1,575."

This is signed in the name of Fitzgerald by an agent. The authority of the agent is denied.   On the trial of the cause in the district court, judgment was rendered in favor of the defendant.   The plaintiff appeals to this court.

Sec. 3 of chap. 32 of the Comp. Statutes provides that: "No estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same."

Sec. 5 provides that: "Every contract for leasing, for a longer period than one year, or for the sale of lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made."

Sec. 23 provides that: "The term ' conveyance' as used in this chapter, shall be construed to embrace every instrument in writing (except a last will and testament) whatever may be its form, and by whatever name it may be known in law, by which any estate or interest in lands is created, alienated, assigned, or surrendered."

Sec. 25 provides that: "Every instrument required by any of the provisions of this chapter to be subscribed by any party, may be subscribed by his agent, thereunto authorized by *writing*."

A contract, or at least a note or memorandum thereof for the sale of real estate, must be in writing. In 2d Kent's Comm., 613, it is said: "Though the statute of frauds of 29 Charles II. requires in certain cases a contract for the sale of goods to be in writing, and signed by the party to be charged, or by his authorized agent, the authority to the agent need not be in writing. It may be parol." Chitty on Commercial Law, vol. III., p. 104. Lord Eldon, 9 Ves., 250. *Stackpole v. Arnold,* 11 Mass., 27. *Long v. Colburn,* Ibid, 97. *Northampton Bank v. Pepoon,* Ibid, 288. *Ewing v. Tees,* 1 Binney, 450. *Shaw v. Nudd,* 8 Pick., 9. *Turnbull & Phyfe v. Trout,* 1 Hall (N. Y.), 336. *McComb v. Wright,* 4 Johns. Ch., 667.

And in *Riley v. Minor,* 29 Mo., 439, and *Rottman v. Wasson,* 5. Kas., 552, it seems to have been held that the authority of an agent to make a contract that his principal will convey certain land, need not be in writing. Under our statute, however, the authority of an agent to sell real estate must be in writing, unless there has been a subsequent ratification of his acts.

In the case under consideration the authority to the agent at Plattsmouth was said to have been given by letter or postal card; but the writing, whatever it was, had been mislaid and was not produced at the trial. Two witnesses who professed to have seen this writing, testified as to its contents, and stated in substance that it authorized the agent to

sell the real estate in question for $1,600. On the other hand, both Fitzgerald and his secretary, who conducted his correspondence, testify that no such letter or postal card was ever written or sent, and that the agent had no authority whatever to sell the lots in question. This being the condition of the testimony, this court cannot say that the district court erred in dismissing the action.

A letter by the principal to his agent directing a sale of his real estate is sufficient authority for the agent to make a sale according to the terms of such writing, and the principal will be bound thereby; but the writing itself must be produced or its contents clearly proved. The proof in this case fails in both of these particulars. The judgment is clearly right and must be affirmed.

JUDGMENT AFFIRMED.