[No. 1461.   Decided January 4, 1895.]

A. HARKER, *Appellant, v.* JAMES H. WOOLERY, *Sheriff,*
*Respondent.*

CHATTEL MORTGAGE ON COMMUNITY PROPERTY—AFFIDAVIT OF
    GOOD FAITH—FORECLOSURE NOTICE—DESCRIPTION—APPEAL—
    HARMLESS ERROR.

Error cannot be predicated upon an improper question asked on
cross-examination, to which objection is not made until after answer
to it, and the answer, as given, is one alleging ignorance upon the
subject matter of the question.

In a mortgage of chattels executed by husband and wife, the prop-
erty being presumptively that of the community, an affidavit of good
faith made by the husband alone is sufficient.

A notice of the foreclosure of a chattel mortgage on a growing
crop of wheat sufficiently describes the property, when it refers to
the mortgage and shows that it is upon a certain quantity of wheat
raised upon a certain place, described in the mortgage as so many
acres of wheat, and in the notice of foreclosure as a certain number
of sacks.

*Appeal from Superior Court, King County.*

The mortgage in controversy was upon an undivided one-half interest in certain growing crops of wheat, etc. The notice of foreclosure incorporated the mortgage by a reference to the volume and page of the record, where it was recorded, and stated that "the property described in said mortgage and to be sold is as follows, to-wit: 208 sacks of wheat, · in all about —— bushels."

*G. D. Farwell*, for appellant.

*R. J. Huston* and *E. P. Dole*, for respondent.

The opinion of the court was delivered by

Scott, J.—This was an action to recover a certain quantity of wheat, in sacks, which had been taken possession of by the defendant as sheriff under a notice of foreclosure of a chattel mortgage purporting to have been given by Robert Brown and Margaret Brown, his wife, to one H. Flower. Judgment was entered for the defendant, and plaintiff appeals.

The first point raised is that the court erred in overruling an objection to the following question asked one of the plaintiff's witnesses : "Do you remember telling me at that time that Mr. Robertson agreed at one time when Brown was there that you were to handle this wheat?" It is contended that this was improper cross-examination. The record shows that the question was answered before the objection was made, and there was no motion to strike it. But, regardless of this, the witness' answer was that he did not remember. Consequently the matter is so utterly immaterial as not to require any further notice.

It is next contended that the mortgage was invalid because Margaret Brown did not join in making the affidavit of good faith, the same having been made by Robert Brown alone. It is strenuously contended that the mortgage should have been excluded from evidence for this reason ; and au-

thorities are cited to show that under statutes relating to verification similar to ours, parties making a mortgage must all join in the affidavit in question. Whatever the rule may be generally, we think the mortgage here was sufficient, because a valid lien upon the chattels in question could have been created by the mortgage of Robert Brown, without his wife, it being the community property of the parties. Said parties were designated in the mortgage as husband and wife, and the presumption was, of course, that the property was community property. It being personal property, the absolute disposition of it was in the husband; consequently all parties had notice of the capacity in which Margaret Brown acted, and were bound to take notice that she was an unnecessary party to the mortgage.

It is next contended that the description of the property in the notice of foreclosure was insufficient. The notice contained the same description as that in the mortgage, and it referred to the mortgage, so that all parties might obtain as full information with regard to the property as could be given, it being a certain quantity of wheat raised upon a certain place and described in the mortgage as so many acres of wheat, etc., and in the notice as 208 sacks.

A number of questions are raised as to the instructions given by the court to the jury. After an examination of the same, we think the cause was fairly submitted and that there was no material error therein.

The judgment of the court will be affirmed.

DUNBAR, C. J., and STILES and HOYT, JJ., concur.