PAUL H. HOLM ET AL. V. CHARLES E. BENNETT.

FILED FEBRUARY 6, 1895.  No. 6087.

1. **Principal and Agent:** UNAUTHORIZED ACT OF AGENT:
   RATIFICATION. A real estate agent leased his principal's prop-
   erty for the months of August and September and collected the
   rents.   He then negotiated a sale of his principal's property and
   the deed was made and delivered September 14.   The agent
   paid the rents in his hands to the purchaser of the property with-
   out his principal's knowledge or consent.   The principal accepted
   the proceeds of the sale without knowing the disposition the
   agent had made of the rents.   *Held,* That the agent was liable
   to the principal therefor.

2. ———: ———: ———.   The unauthorized act of an agent when
   ratified by his principal is as binding as though the act had
   been within the scope of the agent's authority; and the princi-
   pal, by accepting the benefits of an unauthorized act of his agent,
   may thereby ratify the act; but in order for the act of the prin-
   cipal in accepting the fruits of a transaction conducted by his
   agent to work a ratification of the agent's act the principal
   must have accepted the avails of the transaction with knowledge
   of all the material facts.   The existence of the knowledge of
   the unauthorized act and the intention to ratify it must concur
   in the mind of the principal in order to estop him.   *Henry &
   Coatsworth Co. v. Fisherdick,* 37 Neb., 207, followed.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*Adams & Scott,* for plaintiffs in error, cited: *Rogers v.
Empkie Hardware Co.,* 24 Neb., 653; *Elwell v. Chamberlin,*
31 N. Y., 611; *Aultman v. Reams,* 9 Neb., 487.

*S. L. Geisthardt, contra:*

A full knowledge of all material facts is an indispensable condition of ratification; otherwise the receipt and retention of the benefits of an unauthorized act is no ratification of it. (Mechem, Agency, secs. 129, 148, and cases cited; *Smith v. Tracy*, 36 N. Y., 79; *Bell v. Cunningham*, 3 Pet. [U. S.], 69; *Schulz v. Jordan*, 32 Fed. Rep., 55; *Bohart v. Oberne*, 36 Kan., 291; *Bryant v. Moore*, 26 Me., 84; *Baldwin v. Burrows*, 47 N. Y., 199.)

RAGAN, C.

Charles E. Bennett in the year 1891 owned a house and lot in the city of Lincoln. In that year he employed Holm & Reed, real estate agents of said city, to lease said property for him, and at the same time authorized them to sell it. In June, 1891, they leased the property to Chancellor Canfield, of the State University, at $40 per month, who paid Holm & Reed the rent for said property for the months of August and September of said year. On the 24th of July, 1891, Holm & Reed negotiated a sale of said real estate. They notified Mr. Bennett that they could sell the property for him so as to net him $5,000, and he thereupon authorized them to make the trade. Bennett executed and delivered his deed to the purchaser, a Mrs. Giser, on the 14th of September, 1891; and about the same time Holm & Reed accounted for and paid over to Bennett the purchase price of $5,000, but did not account for or pay over to him the rents received from Chancellor Canfield for said property for the months of August and September. This suit was brought by Bennett in the district court of Lancaster county against Holm & Reed to recover said rents. Bennett had a verdict and judgment and Holm & Reed prosecute a petition in error to this court.

1. It is assigned as error that the verdict is not supported by sufficient competent evidence. The evidence is undis-

puted that Holm & Reed were agents for Bennett for leasing and selling the property; that they leased it to Chancellor Canfield for the months of August and September, 1891, and received the rents for those two months, amounting to $80, no part of which they have paid to Bennett. The contention of Holm & Reed is that at the time they sold the property to Mrs. Giser they agreed with her that she was to have not only the title to the property but the rents therefrom for the months of August and September. The jury found against Holm & Reed on this contention, and we think correctly so. A memorandum in writing of the contract of sale of the property between Mrs. Giser and Holm & Reed, of July 24, is in the record. This memorandum is silent as to the rents of the property. It further appears from the evidence that Holm & Reed were to, and did, receive from Mrs. Giser $5,150, but that Bennett had no knowledge of the fact that they were receiving more than $5,000. There is also evidence in the record which tends to show that after the trade was negotiated between Holm & Reed and Mrs. Giser the latter insisted that Holm & Reed should pay her the rents for the months of August and September, because there was a delay in the delivering to her of Bennett's conveyance of the property; and that Holm & Reed, in order that the trade might be consummated and they receive as commissions the $150 Mrs. Giser was paying for the property more than Bennett was receiving, on the day of the delivering to her of Bennett's deed paid her the $80 of rents in their hands belonging to Mr. Bennett. The evidence sustains the verdict.

2. It is also assigned as error that the district court erred in refusing to give the jury the following instruction: "If you find from the evidence that the defendants were the agents of the plaintiff for the renting and selling of the property of the plaintiff, and that they sold the same for the plaintiff, and in making the sale agreed with the purchaser that she should have the rents from the time of the

.sale, and that said rents were turned over to her in pursuance of said agreement, and that the plaintiff has received the proceeds of said sale; and, with a knowledge of said agreement between his agents and the purchaser, keeps and holds said purchase money, he thereby ratifies and adopts said agreement, although he did not know of it at the time it was made." The court did not err in refusing to give this instruction. The record contains no evidence that Bennett knew at the time he received from Holm & Reed the proceeds of the sale of his house and lot that they had agreed to, and had paid the August and September rents to Mrs. Giser. By this instruction the court was, in effect, requested to tell the jury that if Bennett received from his agents the proceeds of the sale of his real estate, and afterwards learned they had paid over to Mrs. Giser the August and September rents, and he retained such purchase money, he thereby ratified the act of his agents in including in the sale the surrender of the August and September rents. The unauthorized act of an agent, when ratified by the principal, is as binding as though the act had been done within the scope of the agent's authority, and the principal, by accepting the benefits of an unauthorized act of his agent, may thereby ratify the act; but in order for the act of the principal, in accepting the fruits of a transaction conducted by his agent, to work a ratification of the agent's act, the principal must have accepted the avails of the transaction with knowledge of all the material facts. In other words, the existence of the knowledge of the unauthorized act, and the intention to ratify it, must concur in the mind of the principal in order to estop him. (*Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 207; *Vermont State Baptist Convention v. Ladd*, 4 Atl. Rep. [Vt.], 634; *Jackson v. Badger*, 26 N. W. Rep. [Minn.], 908; *McClelland v. Whiteley*, 15 Fed. Rep., 322; *Craighead v. Peterson*, 72 N. Y., 279.) To estop Bennett here on the ground that by accepting the proceeds of the sale of his real estate he

had ratified the act of his agents in paying over to Mrs. Giser the August and September rents, it must appear that Bennett, at the time he accepted the proceeds of the sale, knew that his agents had paid to Mrs. Giser those rents as a part of the trade. The fact that after Bennett had received the proceeds of the sale of his real estate he then learned that his agents had paid to Mrs. Giser the August and September rents, and his retention of the proceeds of the sale, do not estop him from claiming from his agents the rents. In order for the retention by him of the proceeds of the sale, after learning the disposition which his agents had made of the rents, to estop him to claim them, he must have neglected, for an unreasonable length of time to repudiate their action in that respect. The evidence shows that he did not do this, but that very soon after he had received the proceeds of the sale of the real estate he called on his agents for an accounting of the rents for August and September; and the evidence in the record, and all the evidence on the subject, not only tends to show that Bennett accepted the proceeds of the sale of his real estate without knowledge of the fact that his agents had paid the August and September rents to Mrs. Giser, but that when he did learn of such act of his agents he repudiated it. The judgment of the district court is

AFFIRMED.