THOMAS O'SHEA, APPELLANT, v. SAMUEL H. RICE, APPELLEE.

FILED DECEMBER 16, 1896.  No. 6919.

1. **Statute of Frauds: SALE OF LAND: AGENCY.** The contract of an agent in the name of his principal for the sale of lands in this state is void under the provision of our statute of frauds, unless the authority of the latter is evidenced in writing. (*Morgan v. Bergen,* 3 Neb., 209.)

2. **Principal and Agent: RATIFICATION.** Knowledge by the principal of the material facts is an essential element of an effective ratification by him of the unauthorized act of his agent.

3. ———: STATUTE OF FRAUDS. *Held,* From an examination of the evidence, (1) that the agreement sought to be enforced is void under the provisions of the statute of frauds; (2) that the law will not from the facts disclosed imply a ratification thereof by the defendant.

APPEAL from the district court of Madison county. Heard below before JACKSON, J.

*Allen, Reed & Ellis,* for appellant.

*Wigton & Whitham,* contra.

POST, C. J.

This is an appeal from a decree of the district court for Madison county dismissing the petition of the plaintiff for specific performance of an alleged agreement for the conveyance by the defendant of certain real estate in said county. The agreement alleged as the basis of the action is as follows:

"AGREEMENT TO SELL AND CONVEY REAL ESTATE.

"S. H. Rice with Thomas O'Shea. Memorandum of agreement made this 13th day of January, 1891, between S. H. Rice, of Milford, Neb., of the one part, and Thomas O'Shea, of the other part, witnesseth: That in consideration of $25.00 paid by Thomas O'Shea, the receipt of which is hereby acknowledged, the said party, S. H. Rice, agrees to sell and convey to said Thomas O'Shea, for the sum of $600.00, the following described property, situated in Madison county, Neb., to-wit: The W. ½ of S. E. ¼ of section 30, township 22 north, of range 4 west of the 6th P. M. The said Rice agrees to furnish to said O'Shea an abstract of title showing land clear of all incumbrances or irregularities, of whatever nature, and also give a warranty deed of covenants for said land, within thirty days from this date. The balance of purchase money, $575.00, to be paid upon receipt of such abstract and warranty deed for the premises.     S. H. RICE,

"By WILLIS McBRIDE,

"*His Agent.*

"THOMAS O'SHEA."

It appears from the evidence in the bill of exceptions that the defendant, who resides in the county of Seward, was desirous of selling the property in controversy, and had by letter solicited McBride, a resident of Madison, who executed the foregoing agreement in his name, to procure a purchaser therefor. In a letter under date of January 9, 1891, he was advised by McBride of an offer of $600 for the property mentioned, without any reference to conditions of sale or terms of payment, to which he replied as follows:

"MILFORD, Jany. 10, 1891.

"DEAR SIR: Yours rec'd. $600 is less than I will take; however, if your man will pay your commission, I will sell at $600; not otherwise.

"Yours truly,     S. H. RICE."

On January 14 McBride addressed the defendant as follows:

"*S. H. Rice, Milford, Neb.*—SIR: Your postal of 10th inst. saying you would take $600 net to you for W. ½ S. E. 30, 22, 4, received. I have sold the farm to Thomas O'Shea and received a payment of $25 to bind bargain, giving him contract of sale. You are to furnish abstract showing land clear from all incumbrances and title perfect, and give good and sufficient warranty deed for premises within thirty days. Please complete enclosed deed and return to First National Bank of Madison with instructions, and upon receipt of deed and abstract money will be paid at bank. Please attend to this at once.

"Yours truly,  WILLIS MCBRIDE.

"I will be pleased to receive your order for abstract, which will cost $4."

The defendant, on January 16, enclosed a warranty deed for the premises, with the usual covenant, to the bank designated by Mr. McBride, accompanied by the following letter:

"MILFORD, Jan. 16, 1891.

"*First Nat. Bank, Madison*—GENTLEMEN: By request of Mr. Willis McBride, I enclose deed, which please hand to Mr. McBride on receipt of $600. Please pay Mr. McBride, of said $600, $4 for abstract, and remit bal. to my address, less exchange, and oblige,

"Yours truly,  S. H. RICE."

January 26 Mr. McBride addressed the defendant as follows:

"*S. H. Rice, Esq., Milford, Neb.*—DEAR SIR: I enclose your abstract made on W. ½ S. E. 30, 22, 4, and call your attention to the following liens and clouds: 1st, patent not recorded; 2d, taxes 1890 not paid; 3d, quitclaim deed Henry M. Brown to William V. Allen; 4th, suit to set aside certain instruments (Henry M. Brown v. S. H. Rice et al.), which was decided in favor of plaintiff in district court, carried to supreme court, and no mandate rec'd

here to show decision. I have showed the abstract to Mr. O'Shea and he refuses to pay over balance of money until title is made good as per agreement January 13. Kindly advise me what is to be done at once.

"Yours truly, WILLIS McBRIDE."

On January 29 defendant answered, explaining the apparent defects in his title, and closing as follows: "However, Cunningham's warranty deed is good enough for me, and if my warranty deed is not good enough for Mr. O'Shea he had better take his money and buy elsewhere." On February 5 the deed mentioned was returned to the defendant who, upon demands subsequently made, refused to convey. The first question presented in the argument, and the only one which demands notice at this time, is whether the agreement relied upon sufficiently answers the requirement of the statute of frauds.

Section 3, chapter 32, Compiled Statutes, provides that "no estate or interest in land * * * shall hereafter be created, granted, assigned, or surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering, or declaring the same." Section 5 thereof declares that "every contract for the leasing for a longer period than one year, or for the sale of any lands or interest in lands shall be void unless the contract, or some note or memorandum thereof, be in writing and signed by the party by whom the lease or sale is made." Section 25 of the same chapter provides that "every instrument required by any of the provisions of this chapter to be subscribed by any party may be subscribed by his agent thereunto authorized by writing." It was held, construing the foregoing provisions, in *Morgan v. Bergen*, 3 Neb., 209, that the contract of an agent in the name of his principal for the sale, or leasing of lands in this state for a period exceeding one year, is void unless the authority of the former is evidenced in writing, and the views there expressed were subsequently approved in *Stadleman v. Fitzgerald*, 14 Neb., 290, *Bigler*

*v. Baker*, 40 Neb., 325, and *Morrow v. Jones*, 41 Neb., 867. It is not seriously claimed that McBride could, by reason of the written correspondence, bind the defendant by means of the agreement executed in his name. It is, however, contended that a ratification thereof by the latter should be implied from his alleged partial execution of said agreement. But in that view we cannot concur. It is elementary law that knowledge by the principal of the material facts is an essential element of an effective ratification of the unauthorized acts of his agent. (See *Dietz v. City Nat. Bank*, 42 Neb., 584; *Holm v. Bennett*, 43 Neb., 808.) The first intimation conveyed to the defendant of the execution in his name of a written agreement for the conveyance of the property in controversy, was by letter from McBride, bearing date of February 3,—two days previous to his repudiation of the transaction by directing a return of the deed. We agree with the district court that the agreement relied upon is void under the provisions of the statute of frauds, and that the evidence fails to establish a ratification thereof by the defendant. The decree will, therefore, be

AFFIRMED.