[No. 11678. Department One. April 8, 1914.]

W. Yolen Williams, *Respondent,* v. Mrs. M. A. Beebe et al., *Appellants.*[1]

Husband and Wife—Contracts by Wife—Presumptions. A lease acquired by a married woman in her own name is presumptively community property, and the community is liable for the rent.

Appeal—Preservation of Grounds—Exceptions to Findings. In the absence of exceptions, a finding that a contract was made on behalf of a community is conclusive on appeal.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered May 12, 1913, upon findings in favor of the plaintiff, in an action on contract. Affirmed.

*Samuel R. Stern,* for appellants.

*Smith & Mack,* for respondent.

Chadwick, J.—No exceptions were taken to the findings of the court, and it is conceded that we are not called upon to review the testimony. The findings in this case support the judgment that was entered, unless the court has proceeded upon a wrong theory of the law. Appellant insists that the real question in the case is still open—that plaintiff does not state a cause of action in that he alleges that the lease, which is the foundation of the action, was executed by Mrs. M. A. Beebe, the wife of the defendant C. E. Beebe; that the presumption is that it was her separate contract and that the finding of the court that the lease was executed by Mrs. Beebe alone compels the legal conclusion that the lease was taken upon the separate contract of Mrs. Beebe, and that the community and the defendant C. E. Beebe, are not liable.

We had not entertained this view of the law. A contract may be made by either spouse. A wife is given a right to

[1] Reported in 139 Pac. 867.

contract under Rem. & Bal. Code, § 5927 (P. C. 95 § 21). A lease is property. The lease sued on was acquired after marriage and is presumptively community property. Rem. & Bal. Code, § 5917 (P. C. 95 § 27); *United States Fidelity & Guaranty Co. v. Lee*, 58 Wash. 16, 107 Pac. 870; *Main v. Scholl*, 20 Wash. 201, 54 Pac. 1125. The complaint alleges that the contract was made for and on behalf of the community, and this fact is found by the court, and is conclusive under the state of the record.

The judgment is affirmed.

CROW, C. J., GOSE, MAIN, and ELLIS, JJ., concur.