[No. 12584½. Department One. June 26, 1915.]

KATHERINE FIELDING, *Respondent*, v. H. L. KETLER *et al.*, *Appellants*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—LOAN TO WIFE. The loan of money to a wife to purchase a hotel business, while living with her husband, although he was away much of the time and she ran the hotel, constitutes a community debt.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered September 15, 1914, upon findings in favor of the plaintiff, in an action for money loaned, tried to the court. Affirmed.

*J. W. Selden*, for appellants.
*Gilbert E. Peterson*, for respondent.

HOLCOMB, J.—Numerous assignments of error are made by appellants on this appeal, but the only question argued is whether or not the debt is a community debt and should stand as a lien against the community property of appellants. The trial court so found and concluded, and rendered judgment accordingly.

Katherine Fielding is the mother of appellant Martha Ketler. Appellants had been married some thirty-one or thirty-two years prior to the original transaction involved in this

[1]Reported in 149 Pac. 667.

action, and were living together as husband and wife at the time and since. On October 7, 1911, Martha Ketler obtained from respondent three hundred dollars, which she claimed and testified was an advancement or gift to her. Respondent testified it was a loan, produced a letter from her daughter admitting it was a loan, the court so found, and the evidence fully justifies the finding. Appellants claimed, however, that the money was used by the wife as part purchase price of a hotel business, not the real estate, which she bought and managed as her own sole and separate property, and with which the husband had nothing to do.

The legal presumption is, of course, that the money being borrowed, it became a community liability. Our statutes define separate property as that acquired by either spouse, (1) before marriage, or (2) by gift, devise or inheritance, and the rents, issues and profits of property so acquired. Rem. & Bal. Code, §§ 5915, 5916 (P. C. 95 §§ 25, 9). Exceptions are also made in favor of the wife as to her earnings by personal labor, and as to the earnings and accumulations of herself and minor children living with her, or in her custody, while she is living separate and apart from her husband, by the provisions of Rem. & Bal. Code, §§ 5920 and 5921 (P. C. 95 §§ 17, 35). The hotel was occupied by the appellants together, though the husband was away much of the time at other work he had, and the wife ran the hotel.

In this case, appellants in reality sought to establish that the money was acquired by the wife as a gift from the mother, so as to come under the provisions of § 5916, *supra*, and failed. It was established as a loan to the wife, during the existence of the status and relations of the community. In such case, it is a community obligation. Rem. & Bal. Code, § 5917 (P. C. 95 § 27); *Yesler v. Hochstettler,* 4 Wash. 349, 30 Pac. 398; *Abbott v. Wetherby,* 6 Wash. 507, 33 Pac. 1070, 36 Am. St. 176; *Main v. Scholl,* 20 Wash. 201, 54 Pac. 1125; *Heintz v. Brown,* 46 Wash. 387, 90 Pac. 211, 123 Am. St. 937; *Graves v. Graves,* 48 Wash. 664, 94 Pac. 481.

The judgment entered was correct in giving judgment against Martha Ketler personally, and against the community consisting of herself and husband.

Affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and PARKER, JJ., concur.