[No. 12666. Department Two. February 7, 1916.]

### F. E. HAMMOND, *Respondent*, v. WILLIAM K. JACKSON *et al.*, *Appellants*, FRANK E. GREEN *et al.*, *Garnishee Defendants*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—CONTRACTS OF WIFE—PERSONAL INJURIES TO WIFE—ACTIONS. A married woman, living with her husband, cannot alone make a binding contract with an attorney to prosecute an action for damages for personal injuries suffered by herself, in view of Rem. & Bal. Code, § 181, providing that a husband must be joined when the wife is a party to an action not relating to her separate estate and not between the spouses, unless she is living separate and apart from her husband, and Id., § 5917, vesting in the husband the management and control of the community personalty.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 29, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*Green & Chester*, for appellants.

*Tucker & Hyland*, for respondent.

FULLERTON, J.—The appellant Lulu B. Jackson, a married woman living with her husband, was injured while alighting from a street railway car operated by the receivers of the Seattle, Renton & Southern Railway Company. She conceived that her injury was caused by the negligent operation of the car and that she was entitled to recover in damages for such injuries. To that end she employed the respondent, Hammond, an attorney at law, to prosecute her claim therefor, promising to pay him for his services a certain percentage of the amount recovered. The contract was in writing, and was executed by the appellant as her separate contract, her husband not joining therein. The respondent immediately entered upon the performance of the

[1]Reported in 154 Pac. 1106.

contract, first petitioning the court for leave to sue the receivers, and failing in that, sought a settlement with the receivers, and succeeded in obtaining an offer from them to pay the sum of six hundred dollars in satisfaction of the claim.

While the foregoing negotiations were in progress, the appellant William K. Jackson, the husband of the other appellant, employed the law firm of Green & Chester to represent himself and the community of himself and wife in the prosecution of the claim against the receivers. This employment was also evidenced by a writing which was practically in the same terms as the contract made by the wife with the respondent. After this contract was entered into, the wife notified the respondent thereof by letter, dictated by the firm of Green & Chester, in which she told him to take no further action with reference to the claim; saying further, "As my husband was not a party to the agreement you had me sign, I do not feel bound by the agreement, and request that you return the same to me."

The firm of attorneys employed by the husband succeeded in settling the claim with the receivers for the sum of $1,000. The respondent thereupon brought the present action against the appellants, basing his cause of action upon the contract signed by the wife. Issue was taken on the complaint and a trial was had before the court sitting without a jury. The court found the contract valid, assessed the amount of the respondent's recovery at $175, and entered judgment in his favor for that sum. This appeal followed.

The sole question presented is whether a married woman, living with her husband, may make a valid contract with an attorney to prosecute an action in damages against one by whose negligence she has suffered a personal injury.

Rem. & Bal. Code, § 181 (P. C. 81 § 11), provides that, when a married woman is a party, her husband must be joined with her, except (1) when the action concerns her

separate property; (2) when the action is between herself
and her husband; and (3) when she is living separate and
apart from her husband.   It further provides (Id., § 182)
that husband and wife may join in all causes arising from
injuries to the person or character of either or both of them,
or from injuries to the property of either or both of them,
or out of any contract in favor of either or both of them.
Construing these sections, we have repeatedly held that
the husband is a necessary party to all actions arising be-
cause of personal injuries to the wife, if the parties were
living together as husband and wife at the time the injury
was received.   *Schneider v. Biberger,* 76 Wash. 504, 136
Pac. 701, and cases there collected.   Indeed, our holding
has been that the husband was the only necessary party to
such an action.   This on the principle that the claim of dam-
ages for the injury was community personal property of the
spouses, and, since the statute (Rem. & Bal. Code, § 5917 [P.
C. 95 § 27]), vests in the husband while living with his wife
the management and control of such property, he has power
to deal with it as if it were his separate property, which in-
cludes the right to maintain actions concerning it, the wife
being only a proper party to such actions.   *Dillon v. Dillon,*
13 Wash. 594, 43 Pac. 894; *Hawkins v. Front Street Cable
R. Co.,* 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L.
R. A. 808; *Harker v. Woollery,* 10 Wash. 484, 39 Pac. 100;
*Matthews v. Spokane,* 50 Wash. 107, 96 Pac. 827; *Schneider
v. Biberger, supra.*

From the foregoing it follows, we think, that the wife
cannot make a valid contract with an attorney to prosecute
an action for personal injuries although suffered by herself.
Since the husband alone can maintain such an action, it must
follow that he has the right to have a voice in any contract
that affects the condition upon which the action is to be main-
tained.   To hold otherwise is to hold that the husband's man-
agement and control of the community personal property is
not absolute as the statute presupposes, but is subject to

such contracts as the other spouse may choose to make concerning it. This, we think, is not the meaning of the statute.

Our attention is called to a number of cases where this court has recognized contracts concerning the community property entered into by the wife as obligatory upon the community, but in each of them we think there will be found some element of ratification or acquiescence on the part of the husband which estopped him from gainsaying the contract. Such was the fact in the case of *Williams v. Beebe*, 79 Wash. 133, 139 Pac. 867, although the court rested the decision, in part at least, on the ground that the wife could enter into a valid contract with relation to the community property; citing and relying upon Rem. & Bal. Code, § 5927 (P. C. 95 § 21). But this section of the statute, as we had theretofore uniformly construed it, relates to the separate property of a married woman, giving her power to contract with reference thereto as if she were unmarried, but not power to contract with reference to community property. This power of contract had been theretofore, in the same enactment, exclusively vested in the husband. *Freeburger v. Caldwell*, 5 Wash. 769, 32 Pac. 732; *Main v. Scholl*, 20 Wash. 201, 54 Pac. 1125; *Hester v. Stine*, 46 Wash. 469, 90 Pac. 594; *United States Fid. & Guar. Co. v. Lee*, 58 Wash. 16, 107 Pac. 870. Our expression in the case mentioned must be regarded as unfortunate, rather than as an authoritative determination of the question involved.

The respondent further argues that the evidence in the present case shows such an acquiescence in the contract by the husband as to estop him from repudiating the contract. We have examined the record with this thought in mind and think it does not justify the conclusion. It is shown that the husband had knowledge of his wife's action at the time he entered into the contract with Chester & Green, but we find nothing to show that he in any manner recognized or acquiesced in the contract after it came to his knowledge.

17—89 WASH.

The judgment is reversed, and the cause remanded with instructions to enter judgment in favor of the appellants, defendants below.

MORRIS, C. J., ELLIS, and MAIN, JJ., concur.