[No. 13449.    Department Two.    July 28, 1916.]

JAMES E. BALKEMA, *Respondent*, v. LENA GROLIMUND *et al.*,
*Appellants.*[1]

HUSBAND AND WIFE—CONTRACTS OF WIFE—LIABILITY OF HUSBAND
—COMMUNITY DEBT—PLEADING.    Neither the community nor husband
is liable upon a promissory note executed by the wife on the mere
allegation that she was acting for the benefit of herself and the com-
munity, in the absence of any showing that the husband had notice
of it, or authorized or ratified it, or that the community got the
proceeds; since the allegation was a mere conclusion of law, and the
presumption is that the wife's note was hers alone.

BILLS AND NOTES—INDORSERS—PAYMENT OF JUDGMENT—REMEDIES
—ATTORNEY'S FEES—WHEN RECOVERABLE.    In an action by an in-
dorser against the maker of a note, to recover over after plaintiff's
payment of a judgment on the note against all the parties, attorney's
fees provided for in the note, but not included in the judgment, can-
not be recovered.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered December 11, 1915, upon findings
in favor of the plaintiff, in an action to recover over upon a
judgment paid by plaintiff, tried to the court.    Reversed as
to one defendant; modified as to the other.

*J. Y. C. Kellogg*, for appellants.

*Howard O. Durk*, for respondent.

BAUSMAN, J.—The complaint against a husband and wife
alleges merely that Mrs. Grolimund while married gave one
Seeds her promissory note, that the latter transferred it be-
fore maturity to plaintiff and another who in turn sold it to
one Wagner, and that Wagner reduced it to judgment against
her and her immediate indorsers including plaintiff Balkema.
The latter, having paid the judgment, now sues Mrs. Groli-
mund and her husband too for the amount of the note with
costs and an attorney's fee, which last the note authorized but

[1]Reported in 159 Pac. 127.

the judgment had not included.  In this aggregate the court gave judgment against husband and wife who both appeal.

The only allegation connecting the husband with this transaction was that when Mrs. Grolimund gave this note she was "acting for herself and the use and benefit of the community then and now existing between herself and her husband," but this mere conclusion of law unattended by facts means nothing.  *Killingsworth v. Keen,* 89 Wash. 597, 154 Pac. 1096. The defendants, after demurrer overruled, answered with denials of this and other allegations besides setting up that Seeds had obtained the note from Mrs. Grolimund by fraudulent representations about lands which he was selling her.

Plaintiff's testimony is but a bare repetition of the complaint, while defendants on their side tendered no testimony except a certain offer rejected.  There is consequently nothing at all to show whether certain cash also paid to Seeds by Mrs. Grolimund was acquired by either of the spouses before or after marriage, whether the transaction with Seeds ever passed beyond the contract stage, what the property was to be used for or by whom, whether Mrs. Grolimund had any separate estate, or finally whether the husband had so much as heard of either contract or note before he was sued.  Neither is there any evidence whatever of the husband's adopting any part of this bargain.  What defendants offered to prove and was rejected was that the only consideration for the note was Seeds' agreement to have a Federal land office accept a desert land application of the wife's, and that she executed the note without the consent of her husband, who has ever since refused to sign or be bound by it.  Indeed, except for mere allegations and rejected offers of proof we should not be able even to guess why Seeds and Mrs. Grolimund had any business together, plaintiff being at no pains either to plead or prove anything more than the note and how he came by it.  The court made a finding that the cash had been paid out of family funds and that the contract was a family asset, but on such

meager testimony these findings, though of facts, we must pronounce erroneous conclusions of law.

The learned trial judge was perhaps misled or carried too far by some expressions of this court on presumptions from post marital acts of a wife. Summed up, a husband is here held liable personally on his wife's note without plaintiff's showing whether the husband knew of it, authorized or ratified it, or whether the community estate ever got the proceeds. In a word, the wife undertakes to buy land after marriage and he is liable. We have no precedent for this. Even if we consider this note as a borrowing and not for deferred payments (as in *United States Fidelity & Guaranty Co. v. Lee*, 58 Wash. 16, 107 Pac. 870), we could not here sustain a personal judgment against him. The cases in which expressions were, it is true, let fall that a wife's borrowing creates both community proceeds and community liability, were none of them cases in which the husband was sued personally, but only of attack by third parties upon the family assets or of internal settlements in marital estates with accounting upon reciprocal endeavors and contributions. *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398; *Main v. Scholl*, 20 Wash. 201, 54 Pac. 1125; *Heintz v. Brown*, 46 Wash. 387, 90 Pac. 211, 123 Am. St. 937.

Nowhere has this court intended to countenance the idea that a person from whom the wife borrows has from the mere circumstance of her borrowing a personal claim upon the husband as well. Indeed, we held in *Conley v. Greene*, 89 Wash. 39, 153 Pac. 1089, that even when the wife's post marital note was reduced to judgment in her marital name but in hers only, there was no lien or presumed lien on the family estate. To hold that the wife's separate note is presumptively the joint liability of the husband would be at war with our statute which makes him, except in instances extreme and peculiar, sole manager of the family affairs. Nor is the present ruling to be supported even if we should assume, without showing of when it was acquired or where it

came from, that the cash paid to Seeds by the wife must be considered as family money, since to disburse family money, save for necessities, the presumption is that she has no right. Consider it as family money, still the wife shall not, for instance, seize secretly upon $10,000 family cash and buy with it, however valuable, a yacht, or a herd of cattle, or a farm, and the husband's mouth be shut against this because he speaks half an hour too late, a few moments after the property is delivered to her. Such property, indeed, quickly becomes community property if he acquiesces, but that it can thus be thrust on him is not to be tolerated, tearing down, as that would, a statute which makes him sole manager in order to protect them both against her inexperience.

Of course, we do not say the holders of the wife's note may never hold the husband personally too, since there may be instances where her borrowing is so clearly essential to the common estate, where it is so plainly ratified by the husband, or where the purchased property is so knowingly shared in or enjoyed by the husband that he also should personally respond. *Fielding v. Ketler*, 86 Wash. 194, 149 Pac. 667. But this is not matter of presumption. It must be shown by the facts none of which are offered here. The law is not unwilling but ready to fasten acquiescence on the husband, yet until the contrary is shown a wife's note is presumed to be hers alone. If any encouragement was given to another doctrine in *Williams v. Beebe*, 79 Wash. 133, 139 Pac. 867, it was promptly corrected in *Hammond v. Jackson*, 89 Wash. 510, 154 Pac. 1106.

Accordingly, the motion of the husband for a nonsuit should have been sustained, and the judgment of the lower court must be modified so as to stand only against the wife. As to her also it is modified so as to exclude her attorney's fee. Her contract was that it should be adjudicated against her in the suit upon the note which was not done, and the result must be the same whether we consider this action as the indorser's suit upon the note or upon a judgment assigned. If

it is upon the assigned judgment, plainly no attorney's fee is carried with it, for there was none to carry; if it is a suit upon the note, it is still only a suit upon a note as paid and not as assigned, because assigned it could not be after it was merged in a judgment.

The cause is accordingly remanded with instructions to the lower court to enter a judgment modified as above stated.

MORRIS, C. J., HOLCOMB, PARKER, and CHADWICK, JJ., concur.