[No. 13869.  Department Two.  May 5, 1917.]

# A. N. McALPINE *et al.*, *Respondents*, v. KOHLER & CHASE, *Appellant*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—SALE BY WIFE.  Under Rem. Code, § 5917, providing that the husband shall have the management and control of community personal property, the wife's sale of a piano, objected to by the husband, to the knowledge of the purchaser, is void, where there was no necessity therefor.

SAME—COMMUNITY PROPERTY—SALE BY WIFE—RATIFICATION.  The husband did not ratify his wife's unauthorized sale of a piano where he was only informed at the time that the piano had been stored, and required the wife to rescind as soon as he was notified of the sale.

Appeal from a judgment of the superior court for King county, French, J., entered July 28, 1916, upon findings in favor of the plaintiffs, in an action of replevin, tried to the court.  Affirmed.

*Fred W. Llewellyn*, for appellant.

*Paul Carrigan*, for respondents.

MOUNT, J.—This action was brought by the respondents to recover a Decker Brothers piano or its value.  A judgment resulted in favor of the respondents for the value of the piano.  The defendant has appealed.

The facts are, briefly, as follows:  The respondents are husband and wife.  Mrs. McAlpine had stated to her husband that she desired to exchange a Decker piano which they owned for a player piano.  Her husband informed her that he did not desire to dispose of the Decker piano, and that he was not able to purchase a player piano; that, as soon as he was able, they might probably purchase a player piano.  Mrs. McAlpine, when her husband was away from the city, went into a store of which A. A. Campbell was manager for the appellant, and told Mr. Campbell that she wanted to look

[1]Reported in 164 Pac. 755.

at a player piano. Upon the next day, March 20, 1915, Mr. Campbell brought a player piano to her house. She testified that she told Mr. Campbell that she was not authorized to sell her Decker piano or trade it for another, because her husband had so told her. She also testified, in substance, that Mr. Campbell told her that he would leave the player piano there for six months or a year and that she might use it, and if she was not satisfied with it, she could return it, and that he would take her Decker piano and store it for her until she was satisfied to make the exchange. The player piano was valued at $800, and he agreed to allow her a credit of $415 for the Decker piano. At that time, Mrs. McAlpine signed a conditional bill of sale for the player piano and a bill of sale for her Decker Brothers piano, which was taken away by Mr. Campbell. She also testified that, at the time she signed the bills of sale, she did not read them, and that she was informed by Mr. Campbell that they were simply receipts for the pianos.

Upon Mr. McAlpine's return to his home some three days after, he was informed by Mrs. McAlpine that the player piano had been left in their home for one year for approval, with no obligation to purchase, and that the Decker piano had been taken away to be stored pending their decision. She did not inform her husband of the execution of the bills of sale. Thereafter, on or about June 20, 1915, the appellant made a demand upon Mrs. McAlpine for payments due and in arrears under the terms of the conditional sale contract. She then informed her husband that the appellant was asserting that the player piano had been purchased by her and the Decker piano sold to the appellant. Upon being informed of these facts, Mr. McAlpine told her that she must rescind the contract and return the player piano. Thereafter, on November 26th, Mrs. McAlpine served a formal written demand upon the appellant to take possession of the player piano and to return the Decker piano. On November 28, 1915, the appellant removed the player piano from respond-

ents' home, but refused to return the Decker piano. There-after, in February, 1916, this action was brought, and resulted in a judgment in favor of the respondents for $125, which the court found to be the value of the Decker piano. Upon the trial, the court was of the opinion that Mrs. McAlpine was not authorized to sell or exchange the Decker piano and, for that reason, entered judgment as stated.

We are of the opinion that the trial court was right in this respect. The statute (Rem. Code, § 5917) provides:

"The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."

It is conceded that the Decker Brothers piano was the community property of the respondents. It is not disputed that Mrs. McAlpine was told by her husband not to dispose of the piano. She told the agent, Mr. Campbell, that fact. Nevertheless, he took the Decker piano from her and afterwards sold it for $125, without her consent.

It is plain from the statute above quoted that Mrs. McAlpine was not authorized to dispose of the piano, and that her contract was void. In the case of *Marston v. Rue*, 92 Wash. 129, 159 Pac. 111, we held that the wife, in that case, was authorized to sell an automobile which was owned by the community, but that was a case where the husband had purchased an automobile and had left his wife and had gone to Alaska, and where the automobile was classed as perishable property, and we held, under the facts of that case, that she was authorized to sell it and convey good title. That was an exceptional case, and this court said, in closing the opinion:

"We do not by this opinion enlarge the rights of a wife so as to give to such as buy from her any presumption of good title. On the contrary, these must buy at their peril from one who can deliver title only in an unusual situation. They can prevail only after justifying the exception beyond reasonable debate."

The case at bar does not present the "unusual situation" presented in that case.   Here the husband and wife were living together.   There was no necessity for selling the Decker Brothers piano.   She was not authorized to sell it, but, on the other hand, had been refused the right to do so.   The agent of the appellant was informed of that fact when he took the piano away from the house, and, as said in *Marston v. Rue, supra,* he must buy at his peril.

The appellant seeks to justify this appeal upon the ground of ratification and estoppel, but we think there was neither ratification nor estoppel, because Mr. McAlpine was not informed of the facts.   He was told, upon discovering that a new piano had been placed in the house, that it was placed there on approval, without any obligation to purchase, and that the Decker piano had been taken away to be stored pending their decision.   If he had been told that there was a bargain of sale and that bills of sale had been executed, and no action on his part had been taken after such information, then it might be reasonably argued that he was estopped after making no objections thereto.   Quoting from *O'Shea v. Rice,* 49 Neb. 893, 69 N. W. 308, it is said, in *Murphy v. Clarkson,* 25 Wash. 585, 66 Pac. 51:

" 'It is elementary law that knowledge by the principal of the material facts is an essential element of an effective ratification of the unauthorized acts of his agent.' "

Mr. McAlpine was not told the material facts until months afterwards.   When he was told that the appellant claimed a sale and exchange of the pianos, he immediately notified his wife that she must rescind the sale, and thereafter she sent notice to the appellant.   The appellant came and took away the player piano and refused to redeliver the respondents' piano, which had been taken and sold.

We are satisfied, under the statute and the facts stated, that Mrs. McAlpine was without authority to enter into the contract of sale, and that there was no ratification by her

husband after the facts were made known to him.  For this reason, the judgment of the trial court is affirmed.

It is unnecessary to discuss other questions presented in the briefs.

ELLIS, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.