[No. 20159.   Department Two.   December 10, 1926.]

FRANCIS JOSEPH WILBECK *et al., Appellants,* v.
GARLAND D. CONWAY *et al., Respondents.*[1]

[1] HUSBAND AND WIFE (81)—COMMUNITY DEBT—CONTRACT OF WIFE —LIABILITY.   One contracting with a married woman, knowing that she had no authority to bind the community or pay out community funds, can not, on forfeiting the contract, resist repayment to the community of the community funds received (TOLMAN, C. J., dissenting).

Appeal from a judgment of the superior court for King county, Moriarty, J., entered March 24, 1926, upon findings in favor of the defendants, in an action on contract, tried to the court.   Affirmed.

*Solon T. Williams* and *A. J. Allen,* for appellants.
*Crandell & Crandell,* for respondents.

MACKINTOSH, J.—The appellants state the facts in this suit in this way: That on November 24, 1924, the appellants, who were husband and wife, entered into two contracts in writing with the respondent Garland D. Conway.   By one contract the appellants agreed to sell certain real estate to Mrs. Conway, who made a deposit of two hundred dollars on the contract. The other contract provided for the sale to Mrs. Conway of certain personal property, on which she made a part payment of one hundred dollars.   No mention is made in the contracts of the respondent Mark B.

¹Reported in 251 Pac. 282.

Conway, the husband of Garland D. Conway. The husband for many years had been a seafaring man, and at home only a few days out of each year.

At the time of entering into the contracts, the appellants and respondents were near neighbors, and were well acquainted with each other, and each knew the family relations of the other. Mr. Conway had left on a voyage some two weeks before his wife entered into the contracts, and soon after his departure, she began the negotiations which terminated in the contracts. Immediately thereafter, she removed from her place of abode across the street from the appellants and went to the premises which she agreed to purchase from the appellants, and there used the personal property described in the second contract, consumed the firewood on the premises and disposed of the chickens there, and then abandoned the real estate and personal property, and informed the appellants that she had no longer any intention of complying with the contracts; and they, in January, 1925, repossessed themselves of their property. Mrs. Conway had no means of earning or acquiring money, except from the earnings of her husband, and all the money which he earned he gave to her, which she deposited in a joint account in the bank, and it was from this account that the two payments on the contracts were made.

"All these facts were well known to appellants, and were admitted at the trial of this cause, and were never at any stage of said trial contested."

Mr. Conway returned in January, 1925, and on February 1, the appellants asked him to make a quitclaim deed to them so as to remove the apparent cloud on the title to the real estate. This he did not do, and, in May, 1925, the appellants instituted this action to

declare the contracts forfeited and to remove the cloud on the title. The respondents appeared, tendered a quit-claim deed to the property and demanded judgment for the moneys paid by Mrs. Conway on the two contracts. Upon the trial, judgment was given to the appellants quieting the title, and to the respondents in the sum of three hundred dollars. From this latter part of the judgment, the appellants have appealed.

[1] Viewing the contracts in either one of two ways, it seems that the judgment must be affirmed. If the contracts were contracts made by Mrs. Conway in behalf of the community, they were void. The appellants knew the exact situation, according to their own statement, and it follows that Mrs. Conway had no authority to enter into contracts binding the community. If the contracts were made by her with the intention of buying for her separate estate, they would be valid, but that would not authorize her to give to the appellants community funds, which they knew to be such, in payment of such contracts. *Balkema v. Grolimund*, 92 Wash. 326, 159 Pac. 127. And the community is entitled to have recovery of such payments. The appellants, having made no claim for the reasonable rental of the premises while occupied by Mrs. Conway, or for the use of the personal property by her, cannot complain of the judgment which has been given, and it is, therefore, affirmed.

PARKER, ASKREN, and BRIDGES, JJ., concur.

TOLMAN, C. J. (dissenting)—That, under conditions here shown, the wife could not bind the community as to the future obligations of the contract, I agree. But, the husband having placed the community funds subject to disposition by the wife, neither he nor the community should be permitted to say that she had no

right or authority to pay them out according to her own judgment. I therefore dissent as to the amount allowed.