[No. 24256. *En Banc.* June 23, 1933.]

L. H. STRECK, *Respondent,* v. FRANK W. TAYLOR, *Appellant.*[1]

*E. D. Germain,* for appellant.
*Dwinell & McCoy,* for respondent.

BLAKE, J.—This is an action on a promissory note executed by the defendant Marie L. Taylor during coverture. Judgment was rendered against her and the community composed of her and defendant Frank W. Taylor. The latter alone appeals from the judgment against the community.

Respondent interposed a motion to dismiss the appeal, but the motion cannot be granted, because the court, with eight members sitting, is evenly divided on the question raised. We shall therefore pass to the merits of the controversy.

The case is here on the findings and judgment, no statement of facts having been brought up. The facts found by the trial court may be summarized as follows:

Mr. and Mrs. Taylor were married October 5, 1926. Mrs. Taylor owned a Buick automobile, which she had purchased on conditional sales contract in 1925. In

[1]Reported in 23 P. (2d) 415.

the latter part of October, or early in November, they bought a new Buick, trading in Mrs. Taylor's old car as part payment of the purchase price of the new. They represented that the old car was free from encumbrance. However, it was not. A few days later, the vendors of the old and new cars demanded of Mrs. Taylor that she pay the unpaid balance due on the old car—emphasizing their demands with threats of civil and criminal action.

In order to make the payment, she executed to the First National Bank of Longview the note here sued upon, with one Sam Hendrix as accommodation maker. The note was for three hundred dollars, and was due December 20, 1926. From the proceeds of the loan, Mrs. Taylor paid the balance due on the old car. The new car was retained and used by both Mr. and Mrs. Taylor, and the balance of the purchase price was paid with community funds. It was afterward transferred to a third person in settlement of a community obligation.

The court found, also:

"That at the time of making the note above referred to the Longview National Bank, its officers and agents, knew of the marital status of the defendants, and the bank was not advised and was not told what the loan of $300 was to be used for; that the said bank made no inquiry of Frank W. Taylor about making said loan and note, and defendant Frank W. Taylor never knew said note had been given until shortly before this suit was started, when demand was made for the payment thereof; that Frank W. Taylor never knew, at the time the new Buick was acquired, on November 2, 1926, that any portion of the contract price of the car which he and his wife traded in as a down payment was due and unpaid."

Generally speaking, the wife can pledge the credit of the community only for necessaries for her-

self or the family. *Bowers v. Good,* 52 Wash. 384, 100 Pac. 848; *Hammond v. Jackson,* 89 Wash. 510, 154 Pac. 1106; *Balkema v. Grolimund,* 92 Wash. 326, 159 Pac. 127; *Jones, Rosquist, Killen Co. v. Nelson,* 98 Wash. 539, 167 Pac. 1130; *Wilbeck v. Conway,* 141 Wash. 250, 251 Pac. 282.

This court has held the community estopped to deny liability, however, on obligations incurred by the wife when there has been an express or implied ratification of the contract by the husband. *Williams v. Beebe,* 79 Wash. 133, 139 Pac. 867; *Fielding v. Ketler,* 86 Wash. 194, 149 Pac. 667.

In the case at bar, it is not claimed there was an express ratification of the execution of the note. None could be implied, in view of the facts set out in the finding above quoted. It is essential to implied ratification by the husband that he know the facts concerning the transaction and that he acquiesce in the results attending it. To this effect, in *McAlpine v. Kohler & Chase,* 96 Wash. 146, 164 Pac. 755, it was said:

"The appellant seeks to justify this appeal upon the ground of ratification and estoppel, but we think there was neither ratification nor estoppel, because Mr. McAlpine was not informed of the facts. He was told, upon discovering that a new piano had been placed in the house, that it was placed there on approval, without any obligation to purchase, and that the Decker piano had been taken away to be stored pending their decision. If he had been told that there was a bargain of sale and that bills of sale had been executed, and no action on his part had been taken after such information, then it might be reasonably argued that he was estopped after making no objections thereto. Quoting from *O'Shea v. Rice,* 49 Neb. 893, 69 N. W. 308, it is said, in *Murphy v. Clarkson,* 25 Wash. 585, 66 Pac. 51: " ' "It is elementary law that knowledge by the principal of the material facts is an essential element of an effective ratification of the unauthorized acts of his agent." ' "

370

From the facts found, we think the court erred in concluding that the community was estopped from denying liability on the note. The judgment is reversed, and the cause remanded with directions to enter judgment of dismissal as to the community.

BEALS, C. J., MITCHELL, MAIN, TOLMAN, HOLCOMB, MILLARD, and STEINERT, JJ., concur.