[No. 12772.  Department Two.  January 4, 1916.]

ADDIE M. CONLEY, *Respondent*, v. WILLIAM K. GREENE, *Appellant.*[1]

HUSBAND AND WIFE—ACTIONS AGAINST WIFE—NECESSARY PARTIES —COMMUNITY PROPERTY—LIEN OF JUDGMENT. A judgment against a wife, sued alone upon a community debt while she was living with her husband, is not a lien upon community real property standing in the name of the husband; in view of Rem. & Bal. Code, §§ 5917, 5918, giving the husband the management and control of the community property, and Id., § 181, providing that, when a married woman is made a party, her husband must be joined, unless the action concerns her separate property or homestead or is between herself and husband, or she is living separate and apart from her husband.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 17, 1914, in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Bausman, Oldham & Goodale*, for appellant.

*Kerr & McCord*, for respondent.

PARKER, J.—The plaintiff, Addie M. Conley, seeks to quiet her title to lots one and two of Denny-Fuhrman's addition to

[1]Reported in 153 Pac. 1089.

the city of Seattle, as against a claim of judgment lien thereon made by the defendant William K. Greene. Trial in the superior court resulted in a decree in the plaintiff's favor, from which the defendant has appealed to this court.

The decisive facts, as we view the case, are not in dispute. They may be summarized as follows: During all times involved in this controversy, Mr. and Mrs. W. G. King were husband and wife, living together as such in Seattle, and constituting a community under the laws of this state. In September, 1912, this appellant, as plaintiff, in an action commenced and prosecuted in the superior court for King county, entitled "William K. Greene v. Mrs. W. G. King," procured a judgment against Mrs. King for the sum of $400, upon a loan of money made by William K. Greene to her in September, 1910, as evidenced by a promissory note signed by her alone. At the time of the rendering of that judgment, Mr. and Mrs. King owned, as their community property, the lots here involved, the title thereto being of record in the name of W. G. King. Thereafter, in the year 1914, respondent purchased the lots of Mr. and Mrs. King, paying a valuable consideration therefor, who conveyed the same to her, though with knowledge upon her part of the judgment against Mrs. King and the claim of William K. Greene that such judgment was a lien upon the lots by reason of Mr. and Mrs. King's community ownership thereof at the time of the rendering of that judgment. It is as against the claim of lien under this judgment, made by William K. Greene, that respondent, the grantee of Mr. and Mrs. King, seeks to quiet her title, and in whose favor decree was rendered accordingly in this case.

It is contended by counsel for appellant that the lots are subject to the lien of the judgment rendered against Mrs. King, upon the theory that the judgment was rendered for a community debt of Mr. and Mrs. King. It seems to us, however, that the problem here for solution is, first, as to

the nature of that judgment, and as to whom it was rendered against. If not rendered against the community nor against the managing agent of the community, this case would, in any event, seem to call for decision in favor of respondent, as it was so decided by the trial court. We have seen that W. G. King was not a party defendant to the action in which that judgment was rendered, neither as an individual nor as the managing agent of the community. We have also seen that Mr. and Mrs. King have at no time lived separate and apart, so as to make her the managing agent of the community for the purpose of prosecuting or defending actions in its name or in its behalf.

By the express terms of Rem. & Bal. Code, §§ 5917 and 5918 (P. C. 95 §§ 27, 29), "the husband shall have the management and control of community personal property" and "has the management and control of the community real property," with no restrictions except those touching the conveyancing and encumbering of community real property. These provisions of themselves seem to render it plain that the community cannot be sued, nor can judgment be rendered against it, without the husband being made a party to such suit, since it is only by the husband being made a party that the community is made a party, except in certain cases otherwise provided for by Rem. & Bal. Code, § 181 (P. C. 81 § 11), which reads:

"When a married woman is a party, her husband must be joined with her, except,—1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone; 2. When the action is between herself and her husband, she may sue or be sued alone; 3. When she is living separate and apart from her husband, she may sue or be sued alone."

This, it seems to us, argues conclusively that the judgment rendered against Mrs. King is not a judgment against the community and does not create any lien against the community property, real or personal.

We are of the opinion that the question of whether the debt contracted by Mrs. King, upon which the judgment was rendered in favor of William K. Greene, was a community debt is of no moment in this case, in view of the fact that neither the community nor W. G. King, as managing agent thereof, was made a party defendant in that action.

Our attention is called to the recent decision of this court in *Fielding v. Ketler*, 86 Wash. 194, 149 Pac. 667, where a debt contracted by the wife was held to be a community debt and the judgment rendered thereon a community judgment. But that decision does not touch the question here involved, since the husband and wife were both made defendants in that case, thereby, of course, resulting in the community being defendant, and the judgment was rendered in terms against the community as well as the individuals composing the community.

It seems quite clear to us that the judgment of the superior court must be affirmed. It is so ordered.

MORRIS, C. J., MAIN, HOLCOMB, and MOUNT, JJ., concur.