*1030 OPINION.
James:
The taxpayer claims the allowance of a reserve for anticipated legal expenses. Eeserves are not allowable deductions from gross income, except where explicitly so provided by the statute. Appeal of William J. Ostheimer, 1 B. T. A. 18; Appeal of Consolidated Asphalt Co., 1 B. T. A. 79; Appeal of Uvalde Co., 1 B. T. A. 932; Appeal of Morrison-Ricker Mfg. Co., 2 B. T. A. 1008.
The taxpayer claims a deduction on account of certain concrete flooring and plumbing apparently put in its building during the taxable year. The petition contains allegations of fact which if true would seem to indicate that the facilities so placed in the building might be subject to amortization as war facilities. The taxpayer, however, contented itself with stipulating that certain facts set forth in a certain letter of the Bureau of Internal Kevenue should be accepted as the facts in the appeal.' That letter contains no statement concerning the nature of these improvements, and, under the facts of record, the determination of the Commissioner must be approved.
What is stated above with respect to concrete flooring and plumbing applies also to the creamery purchased at Eagle Grove, Iowa, if all the facts alleged in the taxpayer’s petition were in evidence. Under the facts which are in evidence, the position taken by the Commissioner is manifestly correct, namely, that the loss on the transaction was realized only when the property was disposed of.
The above statement is also trae of the last item representing the extraordinary depreciation on horses, wagons, and automobiles.
The taxpayer in this appeal, as to the two principal items of deductions other than the extraordinary depreciation apparently received credit, first for the legal expenses in a later year, and second for the loss on the Eagle Grove Creamery in 1920, in which year the Commissioner’s deficiency letter indicates that an overassessment was credited.