## APPEAL OF TRANSATLANTIC CLOCK & WATCH CO.

Docket No. 4897.  Submitted December 7, 1925.  Decided March 30, 1926.

> The taxpayer corporation set up a reserve for bad debts at the
> close of its fiscal year ended September 30, 1922, in the amount of
> $5,000.  In its income-tax return for such fiscal year it deducted
> from gross income $4,302.14 on account of bad debts ascertained
> to be worthless and charged off during the year, and in addition
> the $5,000 set up as a reserve for bad debts at the close of the
> year.  *Held*, that the taxpayer was entitled to the deduction of
> only a reasonable addition to a reserve for bad debts and
> not to the deduction of debts ascertained to be worthless plus an
> addition to the reserve.

*Barnett Briskin, C. P. A.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency for the
fiscal year ended September 30, 1922, in the amount of $1,093.76.
The point in issue is the right of the taxpayer to deduct from gross
income $5,000, representing a reserve for bad debts set up at the
close of the year, in addition to $4,302.14, representing bad debts
ascertained to be worthless and charged off during the year.

### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office
at New York City.

The taxpayer's books were kept and its income-tax returns made
on a fiscal year basis ending September 30, 1921, September 30,
1922, and September 30, 1923.

It is engaged in the business of importing and selling clocks
and watches.  Its customers are located throughout the United
States.  Its gross sales for the year ended September 30, 1921, Sep-
tember 30, 1922, and September 30, 1923, were $292,033.22, $756,-
902.53, and $783,914.62, respectively.  Its accounts receivable at
the close of the years indicated were $75,312.42, $114,872.46, and
$133,345.50, respectively.

In its income-tax return for the fiscal year ended September 30,
1921, it claimed as a deduction from gross income $2,858.42 on ac-
count of debts ascertained to be worthless and charged off within
the taxable year.  In its return for the succeeding fiscal year it
claimed as a deduction for bad debts $9,302.14, of which amount
$4,302.14 represented accounts ascertained to be worthless and
charged off within the year, and the balance represented a reserve
for bad debts set up at the close of the year, this return being the

first one made by it after the enactment of the Revenue Act of 1921, which permitted taxpayers to set up a reserve for bad debts. In a schedule attached to the taxpayer's return for this fiscal year (ended September 30, 1922), the taxpayer said:

After charging off to Expense $4,302.14 for Bad Debts, there were still over $11,000.00 of the accounts receivable over 90 days past due, and it is estimated that not more than half of this amount will be collected, and since the total amount of the accounts receivable is over $109,000, we believe $5,000 will be no more than enough to cover the losses through bad debts.

In its income-tax return for the fiscal year ended September 30, 1923, the taxpayer claimed as a deduction on account of bad debts $8,996.76. In a schedule attached to its return and made a part thereof it explained the bad debts deduction as follows:

*Schedule 18—Bad Debts.*

Reserve for Bad Debts, Oct. 1, 1922_____ $5,000.00
Bad Debts, previously reported as Income, ascertained to be worthless
   through failure, etc., charged against Reserve for Bad Debts during
   taxable year_____ 8,996.76

   Balance, September 30, 1923_____ $3,996.76
Add: Provision for Bad Debts—1.15% of Sales_____ 8,996.76

   Balance in Reserve, September 30, 1923_____ $5,000.00

This Reserve is to take care of an outstanding accounts receivable of $133,345.50, of which $12,615.53 is doubtful accounts from which it is expected not more than 50% will be realized.

The taxpayer's books of account for the fiscal year ended September 30, 1922, showed a reserve for bad debts at the close of the year in the amount of $5,000. In submitting a balance sheet to the Commissioner in connection with its income-tax return for that year, it did not show the reserve for bad debts specifically as such, but deducted from the accounts receivable the $5,000 in question.

OPINION.

SMITH: During the years 1920 to 1923 the taxpayer's business increased rapidly. The taxpayer dealt with customers throughout the United States. Its experience showed that a considerable percentage of accounts which had been uncollected for more than 90 days were never collected. Prior to the enactment of the Revenue Act of 1921 it was not permitted to deduct from gross income any amount set up as a reserve for bad debts. In lieu thereof it claimed in its returns the deduction from gross income of debts actually ascertained to be worthless and charged off during the taxable year.

When it came time for it to make up its return for the fiscal year ended September 30, 1922, the Commissioner's Regulations 62 had been promulgated, which permitted a taxpayer, under certain circumstances, to set up a reserve for bad debts and deduct the addition thereto from gross income. The provision of the Revenue Act of 1921 which permits a corporation taxpayer to deduct from gross income a reserve for bad debts is section 234 (a) (5), which reads as follows:

> Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

In his answer to the taxpayer's petition the Commissioner alleges that the deduction by the taxpayer of a reasonable addition to a reserve for bad debts is allowable only in the discretion of the Commissioner; that when a taxpayer elects to claim as a deduction an addition to a reserve for bad debts there should be set up at the beginning of the year a reserve for the doubtful accounts already contained in the accounts receivable, and the net addition to this reserve should be made during the taxable year and prior to the date of the closing of the books for that year.

The real question presented by this appeal is whether a taxpayer changing from the basis of claiming as a deduction from gross income debts actually ascertained to be worthless to a deduction of a reasonable addition to a reserve for bad debts may, for the year in which the change is made, deduct both debts ascertained to be worthless during the year and a reserve set up for bad debts at the close of the year. We are of the opinion that the statute does not permit such a deduction. The income tax and excess-profits tax are each computed upon the basis of a 12-month period. A return for such period must reflect the actual gains, profits, and income of such period. Manifestly, a taxpayer which claims the deduction of a greater amount for debts ascertained to be worthless than properly belongs to such year is claiming a benefit not warranted by the statute. In the instant appeal the taxpayer has elected to deduct from gross income a reasonable addition to a reserve for bad debts. We are of the opinion that it is entitled to such deduction, but not to the deduction of such an addition to a reserve for bad debts and also debts ascertained to be worthless during the year.

The evidence of record shows that for the fiscal years ended September 30, 1921 to 1923, inclusive, gross sales were $292,033.22,

$756,902.53, and $783,914.62, respectively. Debts ascertained to be worthless during the period total $16,157.32, or approximately .0088 per cent of gross sales. This computation does not take into account the large increase in gross sales during the last two years of the three-year period. We think that a reserve of 1 per cent of gross sales is a reasonable addition to a reserve for bad debts for each of the fiscal years ended September 30, 1922, and September 30, 1923. Upon this method of computation the taxpayer's bad-debt reserve at the close of each of the fiscal years ended in 1922 and 1923 would be as follows:

Year ending Sept. 30, 1922:

| | |
|---|---|
| Bad-debt reserve, 1 per cent of sales | $7, 569. 03 |
| Amount charged against such reserve | 4, 302. 14 |
| Balance in reserve | 3, 266. 89 |

Year ending Sept. 30, 1923:

| | |
|---|---|
| Additions to bad-debt reserve, 1 per cent of sales | 7, 839. 15 |
| Total | 11, 106. 04 |
| Amount charged against reserve | 8, 996. 76 |
| Balance in reserve | 2, 109. 28 |

We think, therefore, that the taxpayer is entitled to a deduction of a reasonable addition to reserve funds for the fiscal year ended September 30, 1922, of $7,569.03, and that this amount is inclusive of $4,302.14 claimed as a deduction for debts ascertained to be worthless and charged off within the year.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*