LAURA ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19438.    Promulgated December 13, 1928.

*Jay C. Allen, Esq.*, for the petitioner.
*George G. Witter, Esq.*, and *Brice Toole, Esq.*, for the respondent.

724

725

OPINION.

ARUNDELL: The major question we have for determination is whether or not community income under the laws of the State of Washington is taxable in whole to the husband or in equal part to the husband and wife. Petitioner has filed a separate return in which she has reported the income from her own separate property and her husband has in his return reported the income from his own separate property and in addition the entire community income. While conceding the right of the husband and wife to make a joint return, it is respondent's position that the husband and wife, having elected to report their income separately, each must return one-half of the community income. The deficiency arises in part from the inclusion in the return of the wife of one-half of the community income.

After a careful review of the decisions of the State of Washington, we held, in the case of *John Henry*, 6 B. T. A. 131, that the wife's interest in community property under the laws of the State of Washington was a present vested interest and not contingent. The statutes of that State, however, specifically place the management and control of the personal property with the husband " with a like power of disposition as he has of his separate property," (sec. 6892, Stats. of Washington, Rem. and Bal. Code, § 5917) and also place with the husband the management and control of community real property, though he is prohibited from selling or encumbering it unless his wife joins with him in executing the deed or other appropriate instrument. (Sec. 6893 Stats. of Washington, Rem. and Bal. Code 5918.) While the debts contracted by the husband in the course of his regular business are *prima facie* conducted in the interest of the community and the community property is liable for the debts so contracted by the husband, *Oregon Improvement Co.* v. *Sagmeister*, 4 Wash. 710; 30 Pac. 1058; *Flooding* v. *Denholm*, 40 Wash. 435; 82 Pac. 738, the community fund is not liable for the wife's debts contracted without the husband's consent, *Hammond* v. *Jackson*, 89 Wash. 510; 154 Pac. 1106. The husband has the disposal of the fund, although there are restrictions on him in the matter of gifts, etc.

The answer to the questions we have stated in the opening sentence of our opinion we believe is to be found in the Supreme Court's decision of *United States* v. *Robbins*, 269 U. S. 315–327, wherein it is stated, after discussing the community property laws of the State of California:

But the question before us is with regard to the power and intent of the Revenue Act of February 24, 1919, c. 18, Title II, Part II §§ 210, 211; 40 Stat. 1057, 1062. Even if we are wrong as to the law of California and assume that the wife had an interest in the community income that Congress could tax

if so minded, it does not follow that Congress could not tax the husband for the whole. Although restricted in the matter of gifts, etc., he alone has the disposition of the fund. He may spend it substantially as he chooses, and if he wastes it in debauchery the wife has no redress. See *Garrozi* v. *Dastas*, 204 U. S. 64. His liability for his wife's support comes from a different source and exists whether there is community property or not. That he may be taxed for such a fund seems to us to need no argument. The same and further consideration lead to the conclusion that it was intended to tax him for the whole, for not only should he who has all the power bear the burden, and not only is the husband the most obvious target for the shaft, but the fund taxed, while liable to be taken for his debts, is not liable to be taken for the wife's, Civil Code, § 167, so that the remedy for her failure to pay might be hard to find. The reasons for holding him are at least as strong as those for holding trustees in the cases where they are liable under the law. § 219. See Regulations 65, Art. 341.

That the excerpt just quoted is not dicta appears not only from the language itself, but it has been specifically held to be controlling in the case of *Samuel Zemurrey* v. *United States*, 64 Ct. Cls. 657; 278 U. S. 600. It is clear from the *Robbins* decision that it was not only within the power of Congress to tax the husband for the entire community income, but it was the intention of Congress so to do. The attempt of the respondent to tax the wife for one-half of the community income is, in our opinion, without authority of law and his action is disapproved.

One minor point remains to be decided and that is whether an item of $525 should be deducted as an expense or whether it should be capitalized. While some portion of the amount expended may perhaps be characterized as an expense and as such deducted, we are not satisfied that the entire amount should be so treated. In the absence of specific evidence permitting of a segregation there is no course open but to sustain the respondent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MILLIKEN, concurring in the result: I do not understand that we are called upon to decide whether the husband and wife may file separate returns of community income. The husband filed a return reporting the entire community income. The wife filed a return reporting only the income from her separate property.

The decision of the majority, with a minor exception not here material, leaves the parties just as they filed their returns. I believe this proper. However, if and when a proper case arises presenting the question decided in the prevailing opinion I will then take occasion to set forth my views on that subject.

LOVE agrees with the concurring opinion.