SEUFERT BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19347. Promulgated January 7, 1929.

*Robert T. Jacob, Esq.*, for the petitioner.
*O. B. Bennett, Esq.*, for the respondent.

1024

OPINION.

MILLIKEN: It seems clear to us that the expenditure of the $5,000 in question is not deductible as an ordinary and necessary business expense for the year 1920. Deductions are ordinarily allowed for such business expenses as are usual and necessary in the conduct of a taxpayer's business, which are current and have some relation to the production of income. It can not be logically said that a contribution to the cost of the road had anything whatever to do with the production of taxpayer's income, especially as its president testified that the road was a positive disadvantage. The payment was made to prevent a lasting injury and to preserve taxpayer's property permanently, and in that sense was a permanent improvement to the property. We have held in a number of cases that expenditures for permanent improvements are capital expenditures and not deductible as ordinary and necessary business expenses, and that it was not necessary that value be added to the property.

In *Holt-Granite Mills Co.*, 1 B. T. A. 1246, the taxpayer was the owner of a mill village of 150 tenant houses for its employees, for which it had installed and was using a sewer system which was satisfactory. As a result of legislation it was compelled to tear out the system in use and put in another at a cost of $8,714.73, for which it claimed deduction as an ordinary and necessary business expense, and that it was not a capital expenditure because it did not enhance the value of its properties. The Commissioner and Board held that it was a permanent improvement and was not an ordinary and necessary business expense.

In *J. H. Sanford*, 2 B. T. A. 181, expenditures made in preparation of farm lands for crop fertility were held capital expenditures and not current annual operating expenses.

The expense of constructing tunnels under city streets to connect two business houses owned by the taxpayer was held to be a capital expenditure and not an ordinary and necessary business expense in *E. W. Edwards & Sons*, 3 B. T. A. 889.

In *Edwin Dumble Co.*, 9 B. T. A. 591, the business house of taxpayer had been remodeled and altered to suit its business purposes and for the expense of which it asked deduction as an ordinary and necessary business expense, but the Board held:

The expenditures made by petitioner for work and materials necessary to fit the freehold to its permanent use were not ordinary and necessary expenses of carrying on its trade or business within section 234 (a) (1) of the Revenue Act of 1918 and the Revenue Act of 1921. It may be that some part of the amount claimed was spent for ordinary recurring repairs, but such part is not in evidence and hence the entire amount must fall. The mere fact that a permanent improvement does not immediately cause an increase to be made

in the assessed valuation for local property-tax purposes does not justify its treatment as an ordinary and necessary expense. * * *

The case of *Woodside Cotton Mills Co.*, 13 B. T. A. 266, was where the taxpayer sought deduction as an ordinary and necessary business expense for expenditures made by it in paving the streets of its mill village, but the Board held them capital expenditures, as follows:

The petitioner claims that amounts of $1,216.72 and $132,358.19 spent for street paving are deductible in the respective years in question under section 234 (a) (1) of the Revenue Act of 1918 as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." To support this contention evidence was introduced tending to show that the petitioner believed it necessary in order to attract labor at a time when laborers were difficult to procure, to pave the streets of its mill village. It was testified that this labor necessity was the direct occasion for the paving expenditure and that under ordinary circumstances such an expenditure would not have been made. It was testified further that although the streets were owned by the corporation and had not been formally dedicated to the public, they had in fact been thrown open to the public and were in public use. From this it is argued that the expenditures were directly attributable to the business of the years in question, were therefore properly to be charged off entirely in those years, and were not capital expenditures.

It is also argued that because the paving was upon streets devoted to the public its cost may be regarded as a donation to the public. .

We are, however, of the opinion that these expenditures were not within the statutory deduction. From the fact that labor difficulties were the direct occasion for these improvements by the petitioner, it does not follow that the benefits thereof to the petitioner were substantially limited to the year or that the profits of the year should alone be burdened with their cost. This is true even if it be assumed that the improvements were public and not solely for the private benefit of the plant. Even as to municipal improvements covered by special assessments, Congress has clearly provided in section 234 (a) (3) that such assessments are not to be deducted.    See *Caldwell Milling Co.*, 3 B. T. A. 1232. And in section 235 and section 215 (b) it is provided that no deduction may be allowed for amounts paid for permanent improvements. So far as the evidence shows, we may infer that irrespective of the particular occasion which necessitated the improvement, its result was to benefit the petitioner and its property for a period substantially longer than the year when the work was done. See *E. W. Edwards & Sons*, 3 B. T. A. 889. There is nothing to justify writing this expenditure off in its entirely in this single year when its effect is materially to enhance the value and utility of the entire plant. It is fanciful, in view of the evidence, to call the expenditure a "donation," or to allow its deduction as if it were a contribution to the community in order to increase current profits.

In *Hotel Patten Co.*, 13 B. T. A. 943, it was held that sums expended to assist in securing better roads for the vicinity of the hotel were for a purpose entirely too remote and unrelated to the direct business needs·of the petitioner to permit their deduction from income.

We do not regard the cases of *Poinsett Mills*, 1 B. T. A. 6, and *Anniston City Land Co.*, 2 B. T. A. 526, as in point, as in those cases contributions were made for an immediate and direct benefit for the year in question, while here the intention and benefit obtained was permanent. The Commissioner's action is approved.

Reviewed by the Board.

*Judgment for the respondent.*

PHILLIPS, dissenting: Accepting as correct the findings of fact made by the Division of the Board which heard this proceeding that " the construction of the highway as finally located added no value to taxpayer's property," it is my opinion that the deduction claimed must be allowed, not as an expense of the business but as a loss.

The payment in question was not made to acquire additional property or for an improvement to the property. It was made to protect the property interest which petitioner already possessed. In this respect it differs from all of the cases cited. It is my opinion that where expenditures are made to prevent damage to property used in a business, which expenditure merely preserves the present status of such property, adding nothing of capital value, a loss has been sustained which is deductible. For that reason, I can not agree that the decision reached is proper and must dissent.