MANISTIQUE LUMBER AND SUPPLY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52588.   Promulgated September 14, 1933.

*Harry H. Meisner, Esq.*, for the petitioner.
*Owen W. Swecker, Esq.*, for the respondent.

OPINION.

ADAMS: The questions presented in this case are two: First, whether under the above facts, the respondent erred in failing to allow the deduction claimed in petitioner's income tax return for the year 1928, of the sum of $867.87 as ordinary and necessary business expense, or whether it constituted a permanent improvement which was properly chargeable to permanent improvement of petitioner's property, and, as such, represented a capital expenditure.

The pertinent portions of section 215 (a) of the Revenue Act of 1926 and the regulations thereunder are as follows:

Sec. 215. (a) In computing net income no deduction shall in any case be allowed in respect of—

\*  \*  \*  \*  \*  \*  \*

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.

Section 24 (a) of the Revenue Act of 1928 is identical with the above quoted portion of the 1926 Act.

Article 292, Regulations 69, reads as follows:

Art. 292. *Capital expenditures.*—Amounts paid for increasing the capital value or for making good the depreciation (for which a deduction has been made) of property are not deductible from gross income \* \* \*.

Under these provisions and the above findings of fact, it seems to us clear that the determination of the respondent was correct, and as to this matter, his findings are approved. We feel that this question has been settled by the opinions of the Board and the Courts. This Board has held that expenditures for items that are to continue in use in the business are to be classified as capital items. *First National Bank of St. Louis*, 3 B.T.A. 807; *Leedom & Worrall Co.*, 10 B.T.A. 825; *Laura Allen*, 14 B.T.A. 723, 726; *Fidelity Storage Corp.*, 18 B.T.A. 517, 526. The Board has also held that, in the absence of evidence, if expenditures were made for repairs the Commissioner's determination should be approved. *Gude Brothers, Kieffer Co.*, 2 B.T.A. 1029. In this case it is clear that the expenditures were not made for repairs, since the expenditures were for the original construction of the road necessary to the petitioner's business, which was afterwards repaired from time to time.

The second question presented is whether or not the Commissioner erred in refusing to allow the petitioner to set up, in its 1928 income tax return, loss both for specific bad debts and also a reserve for bad debts which have not been ascertained definitely to constitute losses.

Under the findings above, we believe this question to be determined by the Revenue Act of 1928, together with the regulations thereunder, the pertinent portions of such act and regulations being as follows:

[Sec. 23.]  In computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*  \*

(j) *Bad Debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Article 191, Regulations 74, reads in part as follows:

Art. 191. *Bad Debts.*—Bad debts may be treated in either of two ways—

(1) By a deduction from income in respect of debts ascertained to be worthless in whole or in part, or

(2) By a deduction from income of an addition to a reserve for bad debts.

Under the law and the authorities, petitioner had the option to adopt and use either one of these methods, but it did not have the right, without the approval of the Commissioner, to use both, according to its caprice or its interest. Petitioner did not request the respondent to change the method which he had adopted, and was not given any authority to do so, and therefore had no legal right to change the method which it had originally adopted. The authorities on this question are uniform and it seems to be well settled. *Kay Mfg. Co.*, 18 B.T.A. 753; affd., 53 Fed. (2d) 1083, held that the taxpayer's election to deduct specific bad debts for a given year was binding for subsequent years. *First Natl. Bank of Omaha*, 17 B.T.A. 1358; *Transatlantic Clock & Watch Co.*, 3 B.T.A. 1064. Many other cases announcing the same doctrine might be cited, but we feel it unnecessary to do so.

We have noted petitioner's citation of the case of *Rhode Island Hospital Trust Co.* v. *Commissioner*, 29 Fed. (2d) 339, but in our opinion it does not apply to the present situation.

The finding of the Commissioner on the second issue is affirmed.

*Judgment will be entered for the respondent.*