### E. W. EDWARDS & SON v. CLARKE, Collector of Internal Revenue.
#### No. 1208.

District Court, N. D. New York.
Oct. 2, 1939.

672

Costello, Cooney & Fearon, of Syracuse, N. Y., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y., for defendant.

MOSCOWITZ, District Judge.

This action is brought to recover deficiency income and excess profits taxes in the sum of $20,099.63 paid by the plaintiff with respect to the fiscal years ending January 31, 1920, and January 31, 1921. The deficiency resulted from the treatment by the taxpayer of certain expenditures as allowable deductions from gross income, whereas the Commissioner of Internal Revenue treated the same items as capital expenditures. These expenditures represented the cost of constructing tunnels under public streets in the City of Rochester, New York, connecting buildings in which the plaintiff conducted its department store business.

In the conduct of its business plaintiff leased certain premises, known as the Buell Building, on the main business street of Rochester. Shortly thereafter it acquired certain other premises directly in back of the Buell Building, known as the Edwards Building. The latter was separated from the Buell Building by a narrow street. During the year of acquisition a tunnel was built under the street, connecting the two buildings. A few years later a further building, the Burke Building, was acquired by the plaintiff. This structure was separated from the Edwards Building by a rather heavily travelled thoroughfare and it was in turn joined to the Edwards Building by a tunnel constructed under the street.

Both tunnels were constructed primarily for the purpose of permitting customers of the plaintiff in one part of its store to go to the other parts of its store without leaving the same and crossing streets. In each instance the tunnels were built pursuant to license granted by the Common Council or Commissioner of Public Works of the City of Rochester. The licenses were revocable at any time and under their terms plaintiff was required to remove the tunnels and fill in the spaces occupied by them, immediately upon revocation of the license, all at the plaintiff's expense.

It is the plaintiff's contention that the sums it expended in construction of the tunnels constituted a deductible loss within the purview of Section 214(a) (4) of the Revenue Act of 1918, 40 Stat. 1066, 1067. Apparently the plaintiff has abandoned the position which it took in earlier litigation before the Board of Tax Appeals (Appeal of E. W. Edwards & Son, 3 B.T.A. 889) to the effect that the expenditures were deductible from gross income as ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.

Regardless, however, of which theory is adopted, the deduction cannot be allowed. It is apparent that construction of the tunnels in question did not constitute an ordinary expense. It was an extraordinary and unusual expense the benefit from which was not only immediate, but intended to extend into the indefinite future. Kauai Terminal Ltd. v. Com'r, 36 B.T.A. 893; Woodside Cotton Mills Co. v. Com'r, 13 B.T.A. 266.

The attempt to justify the deduction on the theory that it constituted a loss sustained in trade or business is more ingenious, but hardly more effective. Refer-

ence is made to the case of Seufert Bros. Co. v. Lucas, 9 Cir., 44 F.2d 528 wherein the taxpayer was faced with the threat of the State running a highway through its orchards in such a way that great damage would ensue to trees, irrigation ditches and from separation of part of the orchards from the cannery. To avoid this, the taxpayer agreed to pay the State the sum of $5,000 which represented the additional cost to the State of routing the highway around the orchard. The Court permitted the deduction of this amount from gross income as a sum expended to prevent even greater threatened injury to the premises.

No extended analysis is necessary to show the obvious distinction from the case at bar. Here the Edwards Co. was not threatened with immediate loss of its entire investment or a substantial part thereof if the tunnels were not constructed. Construction was deemed necessary only to facilitate passage of customers from one building to the other, with the probable resulting improvement in business. There is nothing to show that the Edwards and Burke Buildings would have been devoid of customers had it not been for the tunnels. The record, in fact, is to the contrary for the Buell Building was later abandoned and yet the company continued to exist.

In the Seufert case immediate action was necessary to avoid damage to existing assets. In this case, no immediate damage was threatened. The buildings continued in their same state as when originally acquired. Perhaps the unwillingness of the public to cross streets was a disappointment to the plaintiff and cut down the profits which had been expected, but that does not permit the cost of the tunnels to be deducted as a loss. The tunnels were in fact installed, not so much to stop a threatened loss to existing assets as to stimulate income over and above the point which could be reached with the building structures as they had been without the tunnels. Cf. Mary Haller v. Com'r, 14 B.T.A. 488; Smith v. Commissioner of Internal Revenue, D.C., 19 F.Supp. 377, cited by the plaintiff falls in the same class as the Seufert case.

Extensions to existing structures designed to increase production or facilitate profits, as here, have consistently been held to be capital expenditures and not deductible. Manistique Lumber & Supply Co. v. Com'r, 29 B.T.A. 26; Caflisch Lumber Co.

v. Com'r, 20 B.T.A. 1223; Appeal of L. Z. Dickey Grocery Co., 1 B.T.A. 108. Plaintiff contends that the fact that the tunnels were constructed on property belonging to the City and could be ordered removed at any time argues for a conclusion that the cost of construction could not constitute a capital expenditure. This situation existed, however, in Scovill Manufacturing Co. v. Com'r, 25 B.T.A. 265, but the Board nevertheless held that the government was correct in capitalizing the expenditure. Though the threat of removal was ever present, the tunnels were constructed with the expectation, that, barring unexpected events, they would exist for an indefinite period of time. Passage of time has justified this expectation.

Judgment for the defendant. The defendant's findings of fact and conclusions of law have been signed.

Settle judgment on notice.